William Marion **BRAMLETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38088.

Court of Criminal Appeals of Texas.

April 21, 1965.

Rehearing Denied June 2, 1965.

Winder & Weatherly, by W. Alfred Winder, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John A. Brady, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The appeal is from a conviction upon a plea of guilty before the court with punishment assessed at four years for violation of Art. 1536 P.C., which reads:

"If any carrier to whom any money, goods, or other property, shall have been delivered, to be carried by him; or if any other person, who shall be intrusted with such property shall embezzle or fraudulently convert to his own use any such money, goods, or property, either in the mass, as the same were delivered or otherwise shall be punished as prescribed for theft."

The agreed facts show that a check in the sum of $1463.00 was delivered and intrusted to appellant at a department store by one of the payees in the check to be carried to a certain bank and cashed and the proceeds returned to the payee; that the check was cashed at the bank and the proceeds received by appellant, who failed to deliver same to the owner or to account therefor.

It is appellant's contention and sole ground for reversal that he was not "a carrier" as alleged in the indictment.

The authorities he cites are civil law decisions relating to who are common carriers and are not deemed applicable.

Art. 1536 P.C. is one of several statutes relating to embezzlement and conversion by one intrusted with the property of others.

"Carrier," as used in Art. 1536 P. C., includes anyone who is intrusted with money or property for delivery according to an agreement or undertaking. 21 Tex. Jur.2d, Sec. 24, p. 612.

See also Reside v. State, 10 Tex.App. 675; De Gaultie v. State, 31 Tex. 32.

The judgment is affirmed.